ERNEST PARADIS *vs.* ELIZABETH THORNTON.

Androscoggin.    Opinion, July 8, 1944.

*Armand A. Dufresne,* for the plaintiff.

*Clifford* & *Clifford,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MUR-
CHIE, CHAPMAN, JJ.

PER CURIAM.

Defendant's exceptions to the acceptance of a referee's re-
port awarding plaintiff a commission on the sale of real
estate, the right to except on questions of law having been
reserved, allege seven grounds of error, but all of them must
be held groundless if the record contains competent evidence
that the plaintiff sold the property in question.

There is no conflict of testimony as to the meaning and
effect of the words exchanged between the parties to express
their contractual undertaking, although they do not agree
upon the phrasing. It is undoubted that on plaintiff's solicita-
tion of an opportunity to sell defendant's tenement house
when other agents were already working on it, there was
mutual understanding that he should be one of several sales-
men and that the agent who made a sale should get the com-
mission.

The conversation between the parties took place in early
August. On September 11th the plaintiff took a prospective
customer to the premises, went over them with the defendant
and the prospect, and accepted a cash payment on account
in a transaction which fixed the selling price at the figure
authorized by defendant. Upon request for the papers which
would permit the drafting of a deed, the defendant refused
to complete the trade because another of her agents had ten-
tatively arranged a sale several days earlier conditional upon
the ability of the intended purchaser to raise a part of the
purchase price on a mortgage loan and defendant had agreed
to wait until September 13th for decision as to whether the
loan would be available.

On September 13th the loan was arranged and defendant
sold the property under the tentative sale, paying a commis-
sion to plaintiff's competitor who had produced the purchaser

thereunder. She now contends that her conversation with plaintiff contemplated a completed sale with deed delivery and payment of the purchase price, and that if the plaintiff did not so understand it there was no meeting of the minds and no contract.

The words "sale" and "sell" in contracts between real estate salesmen and the owners of property who employ them have well defined meanings that do not restrict them to cover executed sales alone. As stated in *Walker et al. v. Russell*, 240 Mass., 386, 134 N. E., 388, the words "to sell" or "to make a sale" in such contracts mean to furnish the owner of property with a purchaser "able, ready and willing" to buy on that owner's terms. The plaintiff was entitled to his commission if he found such a purchaser before any of his competitors and the referee found that he did. A competitor, it is true, had earlier found a prospect who was "ready and willing" to buy, but that intended customer was not "able" to do so and had not committed himself to pay the purchase price on September 11th when the plaintiff negotiated a sale of property then unsold. Having done so, he is entitled to the agreed compensation.

*Exceptions overruled.*